UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WARREN GREGORY, et al.

    Plaintiffs,

v.                                    Case No. 8:16-cv-237-T-33AEP

CITY OF TARPON SPRINGS, et al.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court in consideration of Defendants City of Tarpon Springs, Tarpon Springs Police Department, and Steve Gassen's Motion for a More Definite Statement (Doc. # 19), filed on March 31, 2016. Plaintiffs Warren Gregory and Michelle Gregory filed a response in opposition on April 20, 2016. (Doc. # 30).[1] For the reasons that follow, the Court grants the Motion.

**I.  Background**

Warren and Michelle Gregory are husband and wife residing in the City of Tarpon Springs, Florida, upon a live-aboard boat. (Doc. # 1 at ¶¶ 1, 4). Until recently, Warren anchored his live-aboard boat in a marina off property owned

---

[1] Because Plaintiffs share the same last name, the Court will refer to them by first name when necessary.

by a local businessman. (Id. at ¶ 29). The Complaint does not indicate where Warren now anchors the live-aboard boat, except for generally averring the live-aboard boat is in Tarpon Springs. (Id. at ¶ 27).

Warren and Michelle travel by bicycles due to Michelle's physical disabilities; Michelle suffers from epilepsy. (Id. at ¶¶ 7a, 16). Warren, a self-described folk artist, learned how to decorate bicycles with flowers and other artistic items from his years living in the Netherlands. (Id. at ¶ 8). People have often asked to be photographed with Warren's decorated bicycles, and business owners have requested the bicycles be displayed in front of their shops. (Id. at ¶¶ 9-10).

However, not everyone was so enamored with Warren's decorated bicycles. The Complaint alleges Officer Steve Gassen with the Tarpon Springs Police Department "followed [Warren] around and asked him to remove his bicycles . . . ." (Id. at ¶ 11). Officers with the Tarpon Springs Police Department also allegedly told Warren and Michelle to leave "because the homeless are not allowed in Tarpon Springs." (Id. at ¶ 7). Warren and Michelle "criticize[d] the police for . . . interference with their bicycles . . . ." (Id. at ¶ 33). Warren also "criticize[d] the City Police for . . .

2

the shadowing of him by the police wherever he goes or parks his decorated bicycles." (Id. at ¶ 23).

Then on December 14, 2013, Warren was arrested for aggravated assault by Gassen. (Id. at ¶ 51). The Complaint describes the events of the day leading up the December 14, 2013, arrest as: "[Warren] retreated to get a [.]22 caliber pistol and held it in his hand pointed at a thief after being pepper sprayed by the thief when he discovered the thief had put stolen items in a shed where [Warren] was a tenant." (Id. at ¶ 4). A criminal complaint was filed against Warren on December 14, 2013; however, those criminal proceedings were ultimately terminated in favor of Warren on March 25, 2014. (Id. at ¶¶ 5, 56). Warren and Michelle then began to criticize the Tarpon Springs Police Department for, as they allege, falsely arresting Warren. (Id. at ¶ 23).

Warren was again arrested on December 19, 2015, this time on the charge of felon in possession of a firearm. (Id. at ¶¶ 12, 60). According to the Complaint, although the reason for the police presence is not alleged, Warren refused to consent to a search of his live-aboard boat by Tarpon Springs police officers. (Id. at ¶ 13). It is further alleged that, upon Warren's refusal, the Tarpon Springs police requested Florida Fish and Wildlife Conservation Commission (FWC)

3

officers to search the live-aboard boat. (Id.). FWC officers conducted a search and found a rifle onboard. (Id. at ¶ 17). The rifle was confiscated by the Tarpon Springs Police Department, but was returned later that night. (Id. at ¶¶ 17-18, 21).

Michelle and her mother returned to the live-aboard boat after an outing to find a "large number of Tarpon Springs Police vehicles and officers," as well as Warren in handcuffs seated in the backseat of a police cruiser. (Id. at ¶¶ 12, 14). Michelle attempted to speak with Warren, as the cruiser's window was rolled down, however, officers informed her that she could not speak with him because he was under arrest. (Id. at ¶ 15). Michelle was physically upset and, "denied the right to board her boat to get her medication by the police," suffered an epileptic seizure, which required emergency medical services. (Id. at ¶ 16).

The Complaint also alleges the Tarpon Springs officers knew Warren was not a felon, but he was nevertheless arrested on the charge of felon in possession of a firearm. (Id. at ¶¶ 18-19). "After an hour or so" of being handcuffed, the handcuffs were removed and Warren was allowed to leave the police cruiser. (Id. at ¶ 20).

Thereafter, Warren and Michelle filed the instant action on January 29, 2016. (Id.). The Complaint brings the following Counts:

> Count I—Complaint for Conspiracy to Violate Civil Rights and Infringement of Liberty Interest with Resulting Stigma to Reputation from Police Department's Action in Retaliation for Exercise of Fourth Amendment Rights and First Amendment Rights in Violation of the First and Fourteenth Amendment and 42 U.S.C. § 1983 and § 1985;
>
> Count II—Libel and Slander;
>
> Count IV—False Arrest – December 14, 2013;
>
> Count V(a)—False Arrest – December 19, 2015;
>
> Count V(b)—False Imprisonment — December 19, 2015; and
>
> Count VII—Malicious Prosecution.

(Id. at 14, 20, 22, 25, 27, 28).[2] Defendants then filed the pending Motion, which requests a more definite statement and argues the Complaint is a shotgun pleading.

**II. Analysis**

"A defendant served with a shotgun complaint should move the district court to dismiss the complaint pursuant to Rule 12(b)(6) or for a more definite statement pursuant to Rule 12(e) on the ground that the complaint provides it with

---

[2] The Complaint skips from Count II to Count IV. The Complaint also includes two Counts listed as Count V, so for clarity's sake, the Court refers to them as Counts V(a) and V(b). Additionally, the Complaint skips from Count V(b) to Count VII.

5

insufficient notice to enable it to file an answer." <u>Paylor v. Hartford Fire Ins. Co.</u>, 748 F.3d 1117, 1126-27 (11th Cir. 2014) (footnotes omitted). Furthermore, courts are under an independent obligation to order a repleader when faced with a shotgun pleading. <u>McWhorter v. Miller, Einhouse, Rymer & Boyd, Inc.</u>, No. 6:08-cv-1978-Orl-31KRS, 2009 WL 92846, at *2 (M.D. Fla. Jan. 14, 2009) (citing <u>Byrne v. Nezhat</u>, 261 F.3d 1075, 1133 (11th Cir. 2001)).

The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings": (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts . . ."; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does "not separat[e] into a different count each cause of action or claim for relief"; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." <u>Weiland v. Palm Beach Cty. Sheriff's Office</u>, 792 F.3d 1313, 1322-23 (11th Cir. 2015).

Although the Complaint here does not impermissibly incorporate every preceding allegation into each Count (in

6

fact, not a single Count contains a paragraph incorporating earlier allegations by reference), the Complaint is nevertheless a shotgun pleading. For instance, Count I is brought under two federal statutes—42 U.S.C. §§ 1983 and 1985—and attempts to assert claims under four Amendments to the United States Constitution, as well as referencing the Constitution of the State of Florida. Simply put, Count I is a hodgepodge of potential claims and constitutes an impermissible shotgun pleadings.

As parenthetically referenced above, none of the Counts explicitly incorporate any of the allegations listed under the header "Allegations Common to All Counts"; rather, the reader of the Complaint is left to infer incorporation. Assuming for the sake of argument such inferential incorporation is sufficient, then irrelevant allegations are incorporated into certain Counts. For example, Paragraph 30 alleges how "[t]he police interfered" with Warren's docking arrangement with a local businessman. But, whether the Defendants interfered with Warren's docking arrangement is irrelevant to establishing, for example, a claim of false arrest or of malicious prosecution. See Ortega v. Christian, 85 F.3d 1521, 1525 (11th Cir. 1996) (noting basis of a section 1983 claim); Abdullah v. Osceola Cty. Sheriff, No. 6:14-cv-

629-Orl-40TBS, 2015 WL 5915818, at *3 (M.D. Fla. Oct. 8, 2015) (listing elements of malicious prosecution claim).

In addition, all but one of the Counts make no mention as to the capacity in which Gassen is sued. While the caption of the Complaint states Gassen is sued in both his official and individual capacities, Warren and Michelle have not explained why Count VII specifies Gassen's capacity when the earlier Counts do not. The specification of capacity in Count VII could simply be a redundant allegation or it could signal a distinction between Count VII and the other Counts. In light of the "significant" distinction between individual and official capacity suits, Smith v. Allen, 502 F.3d 1255, 1271 (11th Cir. 2007), abrogated on other grounds by Sossamon v. Texas, 563 U.S. 277, 287 (2011), the Court will not require the Defendants to speculate. See Thorn v. Randall, No. 8:14-cv-862-T-36MAP, 2014 WL 5094134, at *2 (M.D. Fla. Oct. 24, 2014) (finding complaint "a deficient shotgun pleading" because plaintiff "fail[ed] to specify whether he [was] suing [defendants] in their individual capacities and/or official capacities").

In ordering a repleader, the Court notes Warren and Michelle must separate each cause of action or claim into different counts. Additionally, each count brought against

Gassen should specify the capacity in which he is being sued. Furthermore, ordering a repleader will afford Warren and Michelle an opportunity to clearly identify which of the "common" allegations are relevant to which claims by way of explicit incorporation, and to correct the numbering of the Counts. Under the Federal Rules of Civil Procedure, Warren and Michelle must, as all plaintiffs must, present their claims discretely and succinctly. See Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants City of Tarpon Springs, Tarpon Springs Police Department, and Steve Gassen's Motion for a More Definite Statement (Doc. # 19) is **GRANTED.**

(2) Plaintiffs Warren Gregory and Michelle Gregory may file an amended complaint by **June 6, 2016.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 23rd day of May, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE