UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WARREN GREGORY,

    Plaintiff,

v.                            Case No. 8:16-cv-237-T-33AEP

CITY OF TARPON SPRINGS,
et al.,

    Defendants.

_____/

**ORDER**

This matter comes before the Court in consideration of Defendants City of Tarpon Springs and Officer Steve Gassen's Motion to Dismiss the Second Amended Complaint, or for a More Definite Statement (Doc. # 44), filed on August 1, 2016. Plaintiff Warren Gregory filed a response in opposition on August 10, 2016. (Doc. # 45). For the reasons that follow, the Court denies the Motion to Dismiss, and grants the Motion for a More Definite Statement.

**I.**    **Background**

Warren Gregory resides in the City of Tarpon Springs, Florida, on a live aboard boat with his wife Michelle Gregory.[1] (Doc. # 43 at ¶¶ 5, 8). Until recently, Warren

---

[1] Because Plaintiff and his wife share the same last name, the Court will refer to them by first name when necessary.

1

anchored his live aboard boat in a marina off property owned by a local businessman. (Id. at ¶¶ 30-32).

Due to Michelle's epilepsy, Warren and Michelle travel by bicycle rather than car. (Id. at ¶¶ 8a, 17). Warren, a self-described folk artist, learned how to decorate bicycles with flowers and other artistic items from his years living in the Netherlands. (Id. at ¶ 9). People have often asked to be photographed with Warren's decorated bicycles, and business owners have requested the bicycles be displayed in front of their shops. (Id. at ¶¶ 10-11).

However, not everyone was so enamored with Warren's decorated bicycles. The Complaint alleges Officer Gassen with the Tarpon Springs Police Department (TSPD) "followed [Warren] around and asked him to remove his bicycles . . . ." (Id. at ¶ 12). TSPD Officers also allegedly told Warren to leave "because the homeless are not allowed in Tarpon Springs." (Id. at ¶ 8).

Then, on December 14, 2013, Warren was arrested for aggravated assault by Officer Gassen. (Id. at ¶¶ 5, 22). The Second Amended Complaint describes the events of the day leading up to the December 14, 2013, arrest thusly: "[Warren] retreated to get a [.]22 caliber pistol and held it in his hand pointed at a thief after being pepper sprayed by the

2

thief when he discovered the thief had put stolen items in a shed where [Warren] was a tenant." (Id. at ¶ 5). A criminal complaint was filed against Warren on December 15, 2013; however, those criminal proceedings were ultimately terminated in favor of Warren on March 25, 2014. (Id. at ¶ 6).

Warren criticized TSPD for his supposedly false arrest. (Id. at ¶ 5). Warren also "criticize[d] the police for . . . interference with [his] bicycles . . . " and "for . . . the shadowing of him by the police wherever he goes or parks his decorated bicycles." (Id. at ¶¶ 24, 34).

Warren was again arrested on December 19, 2015, this time on the charge of felon in possession of a firearm. (Id. at ¶¶ 13, 15). According to the Second Amended Complaint, although the reason for the police presence is not alleged, Warren refused to consent to a search of his live aboard boat by TSPD officers. (Id. at ¶ 14). It is further alleged that, upon Warren's refusal, the TSPD requested Florida Fish and Wildlife Conservation Commission (FWC) officers to search the live aboard boat. (Id.). FWC officers conducted a search and found a rifle onboard. (Id. at ¶ 18). The rifle was confiscated by TSPD, but was returned later that night. (Id. at ¶¶ 19, 22).

Michelle and her mother returned to the live aboard boat after an outing to find a "large number of [TSPD] vehicles and officers," as well as Warren in handcuffs seated in the backseat of a police cruiser. (Id. at ¶¶ 13, 15). Michelle attempted to speak with Warren, as the cruiser's window was rolled down, however, officers informed her that she could not speak with him because he was under arrest. (Id. at ¶ 16). Michelle was physically upset and, "denied the right to board her boat to get her medication by the police," suffered an epileptic seizure, which required emergency medical services. (Id. at ¶ 17).

The Second Amended Complaint also alleges the TSPD officers knew Warren was not a felon, but he was nevertheless arrested on the charge of felon in possession of a firearm. (Id. at ¶¶ 19-20). "After an hour or so" of being handcuffed, the handcuffs were removed and Warren was allowed to leave the police cruiser. (Id. at ¶ 21).

Thereafter, Warren and Michelle filed their original Complaint on January 29, 2016, against the City, TSPD, and Officer Gassen. (Doc. # 1). Defendants then filed their first Motion for a More Definite Statement, arguing that the Complaint was a shotgun pleading. (Doc. # 19). The Court

granted the Motion in an Order explaining the Complaint's defects on May 23, 2016. (Doc. # 33).

Subsequently, as the sole plaintiff, Warren filed a First Amended Complaint on June 10, 2016. (Doc. # 36). The First Amended Complaint included the City and Officer Gassen as defendants, but removed TSPD. (Doc. # 36 at 1). Warren also added Officer Christopher Lemmon as a defendant without requesting leave to do so from the Court. (Id.). However, the deadline to add parties or amend pleadings was May 23, 2016, as set by the Case Management and Scheduling Order. (Doc. # 18). While Michelle and TSPD were no longer listed as parties, no notice of dismissal was filed for either.

The City and Officer Gassen filed a second Motion for a More Definite Statement on July 1, 2016. (Doc. # 40). Warren did not file a response. Subsequently, on July 20, 2016, the Court granted the Motion as unopposed, and permitted Warren to file a Second Amended Complaint. (Doc. # 42). In its Order, the Court advised Warren that the Second Amended Complaint should:

> state[] each count or claim with particularity regarding the legal theory and relief requested; 2. set[] forth each claim for relief in separate numbered counts; 3. identif[y] in which capacity Officer Gassen is being sued; 4. identif[y] which of the factual allegations are relevant to individual claims; and 5. utlize[] the proper

5

       procedures for adding or removing individual parties in this action.

(Id.).

On July 28, 2016, Warren filed the Second Amended Complaint with the caption listing Warren as the sole plaintiff, and retaining the City, and Officers Gassen and Lemmon, in their official capacities, as defendants. (Doc. # 43). However, Warren still had not requested leave from the Court to add Officer Lemmon. Nor did he file a notice dismissing TSPD as a defendant, or Michelle as a plaintiff.

The thirty-two page Second Amended Complaint brings the following Counts:

    Count I:    Violation of First Amendment Plaintiff's Right to Travel in Violation of the First and Fourth Amendment and 42 U.S.C. § 1983 and § 1985
    Count II:   State Libel and Slander Claim
    Count III:  False Arrest – December 14, 2013 for Aggravated Assault
    Count IV:   False Arrest – December 19, 2015
    Count V:    False Imprisonment Suit by Warrant Gregory for False Imprisonment – December 19, 2015 Against Police Officers Steve Gassen and Officer Christopher Lemmon and the City of Tarpon Springs
    Count VI:  Warren Gregory Malicious Prosecution Action for 2013 Arrest

(Id.)

On August 1, 2016, the City and Officer Gassen filed the instant Motion to Dismiss or for a More Definite Statement. (Doc. # 44). They argue the Second Amended Complaint should

be dismissed with prejudice or, alternatively, amended to separate and clarify the legal theory for each claim, explicitly incorporate factual allegations for each claim, and clarify the identity of the parties in this action. (Id. at 6). Warren filed a response in opposition on August 10, 2016. (Doc. # 45).

## II. Analysis

"A defendant served with a shotgun complaint should move the district court to dismiss the complaint pursuant to Rule 12(b)(6) or for a more definite statement pursuant to Rule 12(e) on the ground that the complaint provides it with insufficient notice to enable it to file an answer." Paylor v. Hartford Fire Ins. Co., 748 F.3d 1117, 1126-27 (11th Cir. 2014) (footnotes omitted).

The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings": (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts . . ."; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does "not separat[e] into a different count each cause of action or claim for relief"; and (4) a complaint that "assert[s] multiple claims against multiple defendants

7

without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1322-23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323.

Although deficient complaints should be dismissed, the Federal Rules of Civil Procedure advise that courts should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Nevertheless, the City and Officer Gassen urge the Court to dismiss the Second Amended Complaint with prejudice because Warren has failed to clarify his claims sufficiently after three attempts. (Doc. # 44 at 2-3). They are correct that this Court need not "allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001).

However, the Court does not consider further amendment futile or believe that Warren's failure to cure the prior complaints' deficiencies was the result of bad faith. The Court notes that the Second Amended Complaint is an improvement from the previous two, and shows an attempt by Warren to comply with the Court's Orders. The caption now specifies that Officer Gassen is being sued in his official capacity only. (Doc. # 43 at 1). Excepting the reference in Count III's prayer for relief, all references to TSPD as a party have been removed. (Id. at 24). Additionally, Warren has explicitly incorporated by reference factual allegations for Counts I and II. (Id. at ¶¶ 37a, 47). Although the Second Amended Complaint still falls short, the Court will give Warren a final opportunity to address the following problems in a Third Amended Complaint.

**A. State Each Claim with Particularity in Separate Counts**

Although the Second Amended Complaint does not impermissibly incorporate every preceding allegation into each Count, it is nevertheless a shotgun pleading because it does not separate all its claims into separate counts. Despite the Court's previous warnings, Count I is brought under two federal statutes — 42 U.S.C. §§ 1983 and 1985 — and attempts

to assert claims under both the First and Fourth Amendments to the United States Constitution. (Doc. # 43 at 14).

As the Court explained in its May 23, 2016, Order, "Count I is a hodgepodge of potential claims and constitutes an impermissible shotgun pleading." (Doc. # 33 at 7). If Warren chooses to amend the Second Amended Complaint and proceed in this action, the Court advises Warren that he must separate each cause of action or claim into different counts.

### B. Explicitly Incorporate Factual Allegations for Each Count

The first two counts explicitly incorporate factual allegations. But Count II incorporates some factual allegations irrelevant to Warren's libel and slander claim. For example, Paragraph 34b asserts violations of Warren's rights to: "reside peacefully, travel and shop on [his] bike[] and have quiet enjoyment of [his] live aboard boat." (Id. at ¶ 34b). If he chooses to amend, Warren should incorporate only the factual allegations relevant to Count II's libel and slander claim.

Additionally, Warren has not explicitly incorporated factual allegations for the final four counts, leaving the City and Officer Gassen to sift through the factual allegations to determine which are relevant to those claims

10

against them. See Durrance v. Deutsche Bank Nat'l Tr. Co., No. 3:12-cv-1097-J-99MMH-MCR, 2012 WL 5416950, at *1 (M.D. Fla. Oct. 16, 2012)(noting that shotgun complaints face courts and defendants "with the onerous task of sifting out irrelevancies in order to decide for [themselves] which facts are relevant to [the] particular cause of action asserted."). For example, as Warren chose to remove Michelle as a plaintiff, the allegations describing purported violations of Michelle's constitutional rights or involving her seizure on December 19, 2015, are irrelevant to Warren's claims. (Doc. # 43 at ¶¶ 17, 34). Without explicit incorporation of the relevant paragraphs into each count, the City and Gassen are unable to determine which of the factual allegations they must address in their defenses for each claim.

Therefore, if he files a Third Amended Complaint, Warren should clearly identify which of the factual allegations are relevant to every claim by way of explicit incorporation. Thus, Warren must, as all plaintiffs must, present his claims discretely and succinctly. See Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996).

### C. Properly Add or Remove Parties

As discussed, the Second Amended Complaint's caption differs from the caption in the original Complaint. Michelle

11

has been removed as a plaintiff and TSPD has been removed as a defendant; however, the proper procedure for dismissing parties was not followed. A review of the file reveals that Warren has not filed a notice of voluntary dismissal as to these parties, pursuant to Rule 41(a)(1)(A). Rather, Warren removed these parties without informing the Court or the remaining defendants.

Furthermore, the Second Amended Complaint still lists Officer Lemmon as a defendant. However, the deadline to add parties or amend pleadings set by the Case Management and Scheduling Order, (Doc. # 18), passed on May 23, 2016, before the First Amended Complaint, adding Officer Lemmon, was filed on June 10, 2016, and the Second Amended Complaint was filed on July 28, 2016. This is improper procedure. The Court's Orders allowed Warren to amend both his original and amended complaints "to clarify existing claims; it did not permit adding new claims or parties." Kahama VI, LLC v. HJH, LLC, No. 8:11-cv-2029-T-30TBM, 2013 WL 6511731, at *3 (M.D. Fla. Dec. 12, 2013). A review of the record reveals that Warren has not moved for leave to add Officer Lemmon. See Id. (advising that the plaintiff "should have requested leave to add the new claims and parties to its [Third Amended Complaint].").

12

Rather, Warren requests that Officer Lemmon be added as a defendant and that Michelle be reinstated as a plaintiff in his response to the Motion to Dismiss or for a More Definite Statement. (Doc. # 45 at 5). As explained already, this is not the proper procedure for adding or removing parties. Therefore, Officer Lemmon has not been added, nor will be added, as a defendant in this action.

Finally, imbedding requests in a response in opposition to a motion is an inappropriate method of requesting any form of relief from the Court. Under the Local Rules, all requests for relief from the Court are to be made in the form of a motion, and must comply with all other rules regarding motions. See Local Rule 3.01(f), M.D. Fla. ("All applications to the Court requesting relief in any form, or citing authorities or presenting argument with respect to any matter awaiting decision, shall be made in writing [] in accordance with this rule . . ."). Future filings that do not comply with these rules will be stricken.

Plaintiff Warren Gregory may file a Third Amended Complaint, which corrects the problems described above, on or before October 14, 2016. The Third Amended Complaint will be the last.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants City of Tarpon Springs, and Steve Gassen's Motion to Dismiss is **DENIED**. Alternatively, Defendants' Motion for a More Definite Statement (Doc. # 44) is **GRANTED.**

(2) Plaintiff Warren Gregory may file a Third Amended Complaint by **October 14, 2016,** failing which, the Court will dismiss the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 5th day of October, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE